The judgment of the court was pronounced by
Eustis, C. J.
This is an appeal taken by the defendant Rom an order of seizure and sale which was granted by the district judge on certain authentic acts.
By the first, of date the 29th of January, 1848, a mortgage was given by the defendant to secure the payment of"$2500, payable in March, 1849. On the 9th of February, 1848, a.n act was passed before a notary, which was signed by the defendant alone, by which he acknowledged himself to be indebted to the original creditor and mortgagee in the sum of $2500, due in March, 1849, with eight per cent interest from the date of the act. This debt was afterwards, to wit, in March following, transferred by an authentic act to the plaintiff. By the act of February 9th, additional security was given by a mortgage on some slaves of the defendant; but the mortgage was not to take effect until the creditor should consent that a mortgage on a tract of land, created by the original act, should be released. The order of seizure, in conformity with the prayer of the petition, subjects the properly included in both acts to seizure and sale.
The second act not having been accepted by the creditor as a party to it, its acceptance rests in pays, and we have no authentic evidence of the fact. Under the decision of this court in the case of French v. The Mechanics and Traders Bank, 4th Ann. 12, 152, no order of seizure could be granted on it. Vide also C. C. 1794, 1796, 1803.
The order of seizure and sale could be sustained under the first act, which is complete within itself; but the petitioner asks the interest acknowledged to be due in the second act from its date, 9th February, 1848, which we have seen does not authorise executory proceedings. The order of the court is entire, and we cannot divide it, under the plaintiff’s own petition.
Judgment reversed and plaintiff’s petition dismissed, with costs in both courts.